No. 25-50777

# In the United States Court of Appeals for the Fifth Circuit

Institutional Shareholder Services, Inc.,
*Plaintiff-Appellee*,

v.

Ken Paxton, in his official capacity as the Attorney General for the State of Texas,
*Defendant-Appellant*

Texas Stock Exchange, Texas Association of Business,
*Intervenor-Defendant Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, No. 1:25-cv-01160-ADA

**UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL**

In accordance with Federal Rule of Appellate Procedure 42(b) and Fifth Circuit Rule 42.1, Defendant-Appellant Ken Paxton moves to dismiss this interlocutory appeal. In support thereof, Defendant-Appellant shows the Court as follows:

**1.** On August 29, 2025, the district court entered a docket-text order granting the preliminary injunction underlying this interlocutory appeal. It then set trial for February 2, 2026. *See* ECF 50 (Scheduling Order).

**2.** This Court holds that the issuance of a final judgment during an interlocutory appeal's pendency moots that interlocutory appeal. *See, e.g., Satanic Temple, Inc. v. Tex. Health & Human Serv. Comm'n*, 79 F.4th 512, 514-15 (5th Cir. 2023)

(dismissing interlocutory appeal of preliminary injunction as moot because the district court issued a final judgment during the interlocutory appeal's pendency). To the extent that parties "want to litigate further any further issues that were raised in the preliminary injunction motion and remain live, they may do so in [an] appeal from the district court's final judgment." *Id.* at 515 (citing *Scheff v. Banks*, No. 22-2439-CV, 2023 WL 4715174, at *2–3 (2d Cir. July 25, 2023)).

3. Defendant-Appellant's opening brief currently due on or before December 3, 2025. Dkt. 41 (Briefing Notice).

4. Thus, Defendant-Appellant moves to voluntarily dismiss this interlocutory appeal because it is highly unlikely that it will be fully briefed, argued, and disposed of by this Court prior to the issuance of a final judgment resulting from the February 2026 trial. *See Satanic Temple, Inc.*, 79 F.4th at 514-15.

5. The parties will each bear their own fees and costs associated with this appeal.

6. Counsel for Defendant-Appellant conferred with counsel for Plaintiff-Appellee prior to filing this motion and was informed that this motion is unopposed.

## Conclusion

For the foregoing reasons, the Court should direct the clerk to enter an order of dismissal pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 42.1.

Dated: November 24, 2025

Respectfully submitted.

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | William R. Peterson<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | William F. Cole<br>Principal Deputy Solicitor General |
| | /s/ Nathaniel A. Plemons |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | Nathaniel A. Plemons<br>Assistant Solicitor General<br>Nathaniel.Plemons@oag.texas.gov<br><br>Counsel for Defendant-Appellant |

## Certificate of Conference

On November 18, 2025, counsel for Defendant-Appellant conferred with Jessica Ellsworth, counsel for Plaintiff-Appellee, who confirmed that Plaintiff-Appellee is unopposed the relief requested in this motion.

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons

## Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Rule 27(d)(2)(A) because it contains 313 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used for the word count).

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons
